IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CRIMINAL NO. 05-00277-CB |
| | ) | CIVIL ACTION NO. 07-0025-CB |
| DWAYNE TURNER | ) | |
| Defendant/Petitioner. | ) | |

**OPINION and ORDER**

This matter is before the Court on a motion to vacate, set aside or reduce sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Dwayne Turner, a person in federal custody. (Doc. 43.) The government has filed a response in opposition to Petitioner's motion. (Doc. 49.) After considering the motion and the issues raised therein, the documents on file and the government's response in light of the applicable law, the Court finds that the motion is due to be denied without an evidentiary hearing.

**Background**

Dwayne Turner was charged in a three-count superseding indictment with conspiracy to possess with intent to distribute cocaine (Count One), conspiracy to possess with intent to distribute marijuana (Count Two) and interstate transportation in aid of racketeering (Count Three). CJA-panel attorney Neil Hanley was appointed to represent Petitioner, who ultimately entered into a written plea agreement with the government. The Plea Agreement (Doc. 29.) incorporated a Factual Resume. Both the Plea Agreement and the Factual Resume were signed by Petitioner, by his attorney and by the attorney for the government.

In the Factual Resume, Petitioner admitted that the government could prove the following

facts beyond a reasonable doubt:

>  During the time frame charged in Count Two, TURNER sold marijuana to Damon Hatch which TURNER knew was being distributed in Mobile, Alabama.
>  Hatch met TURNER in Mobile and sometime in 2003 TURNER inquired of Hatch as to how well drugs sold in the Mobile area. In August of 2003, Hatch began purchasing marijuana from TURNER for distribution in Mobile.
>  In a series of consensual recorded telephone conversations between Hatch and TURNER from September 27, 2005 to October 11, 2005 arrangements were made for Hatch to meet with TURNER in the Montgomery area to purchase cocaine. On September 27, TURNER told Hatch that he would not be able to come to Mobile to deliver the cocaine so they agreed to meet in Montgomery. . .
>  On October 4, 2005, FBI Agents observed TURNER meet with Hatch at a restaurant in Montgomery. TURNER told hatch that the "stuff was in the car . . . Hatch entered TURNER'S vehicle by himself and shortly. . . Hatch was subsequently debriefed at which time he released custody of a grocery bag which contained a clear Zip-Loc plastic bag of cocaine.
>  . . . . .
>  On October, 11, 2005 TURNER delivered four additional ounces of cocaine to Hatch in Montgomery. TURNER was at that time a Deputy with the Fulton County Sheriff's Department.
>  TURNER admits that the United States could prove his involvement beyond a reasonable doubt with 8 pounds of marijuana and with one kilogram of cocaine and that this quantity places him in a Sentencing Guidelines base offense level of 26.

(Factual Resume, Doc. 29.)

The Plea Agreement contained a provision regarding cooperation and the possibility of a sentence reduction.

> If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, *a decision specifically reserved by the United States in the exercise of its sole discretion*, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing guidelines or Rule 35 of the Federal Rules of Criminal Procedure[.] . . . If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend to the district court judge who sentences the defendant that the defendant receive a sentence at the low end of the applicable advisory guideline range.

(Plea Agreement, Doc. 27, 6-7, emphasis added.)

Petitioner entered a guilty plea to Count Two. After the guilty plea and before sentencing, Petitioner filed several *pro se* motions alleging that his attorney had failed to represent him effectively. In light of these allegations, Mr. Hanley filed a motion to withdraw. The Court granted the motion to withdraw and appointed attorney Greg Hughes to represent Petitioner. The government did not file a motion for downward departure at sentencing, and Petitioner was sentenced to term of 57 months, which was at the low end of the guideline range. Petitioner did not appeal, but he did file this timely § 2255 motion.

**Issues Presented**

Petitioner raises one claim in his § 2255 motion. He asserts that his attorney was rendered constitutional ineffective assistance of counsel at sentencing because he did not object to the government's failure to file a 5K1.1 motion for downward departure.[1]

**Discussion**

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). A defendant who has waived or

---

[1]In his form § 2255 motion (Doc. 43) Petitioner does not set forth any specific claim or claims but instead has written "see attached motion." The attached motion primarily addresses the § 5K1.1 issue, though other matters are mentioned. The government has addressed one of those–defense counsel's failure to object to file a relevant conduct objection at sentencing–in its response. The Court does not construe the relevant conduct issue as a separate ineffective assistance claim. Rather, Petitioner identifies it as *almost* amounting to ineffective assistance, stating that "counsels [sic] failure to challenge the relevant conduct in clients [sic] defense came close to being objectively unreasonable." (Doc. 44 at 2.) Even if Petitioner were attempting to assert a claim, it would not succeed. First, he does not identify the relevant conduct that was erroneously attributed to him. Second, assuming that this objection relates to the controlled substances attributed to him, any objection would have been futile since Petitioner had admitted those facts in the Factual Resume.

exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. *Addonizio v. United States*, 442 U.S. 178, 185 (1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises. First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted). A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent. Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990). One way a petitioner may overcome a procedural default is by demonstrating that the default was due to constitutionally ineffective performance by counsel. *Cross*, 893 F.2d at 1290. To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial." *Id.* However, "[c]onclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)). Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance of counsel." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).

An attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* 466 U.S. at 686.

> When reviewing whether an attorney is ineffective, courts should always presume strongly that counsel's performance was reasonable and adequate. ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioners' to bear, is and is supposed to be a heavy one. And, we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately. Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (internal quotations and citations omitted).

Counsel did not render constitutionally ineffective assistance in this case because it is clear that any objection would have been futile. Petitioner contends that the government breached the Plea Agreement by failing to move for a downward departure in return for his cooperation. To qualify for a downward departure under § 5K1.1 a defendant must have rendered "substantial assistance." In the Plea Agreement, the government retained the discretion to determine whether Petitioner's cooperation amounted to substantial assistance. The government's failure to file a motion for downward departure is reviewable "only where there is an allegation and a substantial showing that the government refused to file the motion based on a constitutionally impermissible motive, such as race or religion." *United States v. Forney*, 9 F.3d. 1492, 1501-03 (11th Cir. 1993)). Petitioner has failed to allege, much less provide a substantial showing, that some unconstitutional motive was involved in the government's decision not to move for a downward departure. A breach-of-the-plea-agreement claim could not have

succeeded. Counsel's failure to raise such a claim was neither objectively unreasonable nor prejudicial.

**Conclusion**

For the reasons stated above, the motion to vacate, set aside or correct sentence is hereby **DENIED**. Petitioner's motions to expedite ruling (Doc. 50 & 53) are **moot**.

**DONE** and **ORDERED** this the 24th day of May, 2010.

s/*Charles R. Butler, Jr.*
**Senior United States District Judge**